JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1445 AG (MLGx) | Date | September 12, 2012 |
|---|---|---|---|
| Title | JP MORGAN CHASE BANK, N.A. v. KEITH FABER, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE**

For the reasons that follow, this case is REMANDED to the California Superior Court, County of Orange.

Plaintiff JP Morgan Chase Bank, N.A. ("Plaintiff") filed a Complaint for unlawful detainer against Defendants Keith and Brenda Faber ("Defendants") in state court, seeking to evict Defendants from foreclosed property ("Property") and requesting related damages.

Defendants now file a Notice of Removal ("Notice") to remove the unlawful detainer action to this Court. Defendants claim that removal is proper under 28 U.S.C. § 1331 and 28 U.S.C. § 1441. Defendants assert that this Court has federal question jurisdiction of this case under the "Protecting Tenants at Foreclosure Act of 2009" ("PTFA"), 12 USC § 5220 et seq. Defendants also allege this Court has diversity jurisdiction.

Courts have repeatedly held that PTFA does not provide a claim for relief, and does not confer federal subject matter jurisdiction. *See, e.g., Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, at *4 (N.D. Cal. June 6, 2011) (finding that PFTA did not provide a federal claims for relief or confer federal subject matter jurisdiction)*;*

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1445 AG (MLGx) | Date | September 12, 2012 |
|---|---|---|---|
| Title | JP MORGAN CHASE BANK, N.A. v. KEITH FABER, et al. | | |

*Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov.22, 2010) (same); *SD Coastline LP v. Buck*, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010) (same); *U.S. v. Lopez*, No. 2:10-cv-02438 WBS KJN PS, 2010 WL 523301, at *3 (E.D. Cal. Dec. 16, 2010) (same); *Zalemba v. HSBC Bank, USA, Nat. Ass'n.*, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *1 (S.D. Cal. Oct. 1, 2010) (same); *Nativi v. Deutsche Bank Nat. Trust Co.*, No. 09-06096 PVT, 2010 WL 2179885, at *2-5 (N.D. Cal. May 26, 2010) (same); *Aurora Loan Servs., LLC v. Martinez,* No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (same).

Further, federal questions conferring jurisdiction "must be disclosed on the face of the complaint, unaided by the answer or by the petition for removal." *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 893 (9th Cir 2004) (quoting *Gully v. First Nat'l Bank in Meridian*, 399 U.S. 109, 112 (1936)). Because the federal statutes here appear in the Notice, and not in Plaintiff's Complaint, Plaintiff's action does not "aris[e] under" a federal statute.

Defendants next allege that jurisdiction is proper based on diversity of citizenship under 28 U.S.C. § 1332. Removing defendants have "'always' borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement." *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 566). To satisfy this burden when a plaintiff expressly alleges an amount in controversy *under* the jurisdictional minimum, a removing defendant must establish "to a *legal certainty* that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) (emphasis added and internal citations omitted).

Here, Plaintiff states in its Complaint that the "amount of damages does not exceed $10,000." (Notice, Ex. A at 1.) While Defendants allege that the requirements of § 1332 have been satisfied, they fail to establish – much less to a "legal certainty" – that the amount in controversy exceeds $75,000. *See Lowdermilk*, 479 F.3d at 998.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-1445 AG (MLGx) | Date | September 12, 2012 |
|---|---|---|---|
| Title | JP MORGAN CHASE BANK, N.A. v. KEITH FABER, et al. | | |

In closing, the Court reminds Defendants that "[s]peedy adjudication is desirable [in unlawful detainer actions] to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the interests stated in *Lindsey*. Defendants are cautioned not to improperly seek federal jurisdiction, particularly for delay. *See Newman & Cahn, LLP v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005) (finding that a removal was "frivolous and unwarranted," but declining to order sanctions against the removing party "because she [was] pro se," though warning her "that the filing of another frivolous paper with the Court may result in monetary sanctions under Rule 11").

**DISPOSITION**

Defendants fail to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

                                                                          :     0

                                          Initials of
                                          Preparer              lmb